UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLIFFORD FANGUY**                                                             **CIVIL ACTION**

**VERSUS**                                                                             **NO. 06-080**

**SMI COMPANIES, INC.**                                                      **SECTION "K"(4)**

## ORDER AND REASONS

Before the Court is Plaintiff Clifford Fanguy's Motion to Sever and for Expedited Trial of Maintenance and Cure (Rec. Doc. 105) ("Mot."). Defendant SMI Companies, Inc. ("SMI") opposes the motion (Rec. Doc. 109) ("Opp."). For the following reasons, the motion will be granted.

## I. FACTUAL BACKGROUND

Plaintiff Fanguy alleges that he was hired as a crane operator and assigned to a "jack up" vessel owned by Superior Energy. Mot. at 2. He asserts that he was injured on February 18, 2005 in the course of being transported from the jack up vessel to a crew boat owned by Bud's Boat Rental. Fanguy claims that he experienced "immediate pain and severe injury" when the crane operator on the jack up vessel dropped the personnel bucket in which Fanguy was being transported to the crew boat. *Id.* Fanguy asserts that he has been diagnosed by an orthopedist

with disk herniation in his lower back for which he has received treatment from February 2005 through July 2005, at which time he was "dismissed from any further medical care." *Id.* at 3-5. Hurricane Katrina soon after came ashore, which "disbursed Fanguy with no medical nor financial assistance." *Id.* at 5. Since 2005, Fanguy claims that he was only seen one doctor in May 2007 who ordered an MRI for him, although Fanguy cannot afford it. *Id.*

Fanguy filed his complaint in the present action in January 2006. (Rec. Doc. 1). He subsequently amended his complaint twice, in May and October 2006, to add previously unnamed parties. (Rec. Docs. 8 & 22). In January 2007, the Louisiana Workers' Compensation Corporation filed an intervenor complaint. (Rec. Doc. 41). Fanguy was granted a continuance in April 2007 in order to permit him to conduct further discovery regarding the proper identity of the defendants. (Rec. Doc. 51). Plaintiff amended his complaint a third time in May 2007 to add Bud's Boat Rental after having discovered that it was the owner of the crew boat to which he was being transported when the accident occurred. (Rec. Doc. 56). This case was then transferred to another section of this Court in June 2007. (Rec. Doc. 58). Defendants filed a motion for summary judgment in October 2007. (Rec. Doc. 66). Fanguy was granted a second continuance in January 2008, again due to difficulty in identifying the correct defendants. (Rec. Doc. 81). In March 2008, this matter was transferred back to this section, and SMI was granted a continuance regarding their motion for summary judgment soon thereafter. (Rec. Docs. 87 & 92). Bud's Boat Rental, Inc. was granted leave to file a third party complaint in June 2008, adding as a third party defendant Century Exploration New Orleans, Inc. (Rec. Doc. 101). Fanguy then filed the present motion for severance of maintenance and cure on July 2, 2008. (Rec. Doc. 105). On July 7, 2008, Fanguy made a third unopposed motion to continue the trial

date due to the need to depose additional employees of the various defendants.  (Rec. Doc. 110). After a status conference on July 10th, this Court granted the motion to continue.  (Rec. Doc. 114).  No new trial date has yet been set.  Most recently, this Court denied SMI's motion for summary judgment on September 30, 2008, finding issues of fact remaining regarding whether Plaintiff qualified as a seaman under the Jones Act.  (Rec. Doc. 117).

## II.  ANALYSIS

While a seaman has the right to join his maintenance and cure claim with other claims, "[i]ndeed he may either sue separately for maintenance and cure, or, having filed one suit, ask for severance of the maintenance claim and an expedited trial of it by the court." *Tate v. American Tugs, Inc.*, 634 F.2d 869, 871 (5th Cir. 1981) (internal citations omitted).  "In deciding whether to sever a maintenance and cure claim, courts consider the plaintiff's interest in expediting of these issues, the proximity of the scheduled trial date, whether plaintiff has requested a jury trial, and whether the nonmoving party opposes the motion." *Hampton v. Daybrook Fisheries, Inc.*, Civ. A. No. 01-1913, 2002 WL 1974107, at *2 (E.D. La. Aug. 27, 2002) (Vance, J.).  "The decision to sever a maintenance and cure claim is within the court's discretion." *Raffield v. Y & S Marine, Inc.*, Civ. A. No. 06-10758, 2008 WL 89006, at *3 (E.D. La. Jan. 7, 2008) (Lemelle, J.).

Here, the Court finds it appropriate to grant the motion to sever maintenance and cure. Plaintiff's case has been pending for over two and a half years.  He alleges that he has not received any substantial medical treatment since 2005.  The only other treatment he received occurred over a year ago in May 2007, and the treating physician at that time ordered that

Fanguy receive an MRI that he could not afford. Considering the significant time lapse since his last treatment in 2005, and the fact that an MRI was recommended by another doctor in May 2007, it is apparent that the Plaintiff has an interest in an expedited trial on maintenance and cure in order to receive medical treatment. Additionally, no trial date has yet been set, a factor that weighs in favor of severance here. *See Raffield*, 2008 WL 89006, at *4 (denying severance where trial was set three months later); *Charpentier v. Blue Streak Offshore, Inc.*, Civ. A. No. 96-323, 1996 WL 383126, at *2 (E.D. La. July 3, 1996) (Schwartz, J.) (denying severance where "[i]t will undoubtedly disserve the interests of the parties and justice forcing duplicate trials within closely proximate dates."). While Fanguy has requested continuances in this matter, those continuances have been agreed upon by the Defendants, and moreover those continuances were for the purpose of gaining additional discovery regarding the proper owners of vessels. The Court also notes that it has denied summary judgment due to remaining factual issues regarding Fanguy's status as a Jones Act seaman. This issue will have to be resolved to determine whether Fanguy is entitled to maintenance and cure. *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995) ("Only 'seamen' can assert the right to maintenance and cure, but the legal test for seaman status in maintenance and cure actions is the same as the inquiry for standing under the Jones Act."). Therefore, it behooves this Court to permit this issue to be resolved post-haste prior to further proceedings regarding the negligence of the Defendants or the unseaworthiness of the vessels.

### III.  CONCLUSION

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Sever and for Expedited Trial of Maintenance and Cure (Rec. Doc. 105) is **GRANTED.**  The Court will set a status conference in order to schedule a trial on Plaintiff's maintenance and cure claims.

New Orleans, Louisiana, this   21st   day of October, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**